UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

    Plaintiff,

    v.                                                            CAUSE NO. 3:22-CV-834-JD-MGG

MOODY, et al.,

    Defendants.

OPINION AND ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed a complaint. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Scruggs asserts Eighth Amendment claims of deliberate indifference to serious medical needs against sixteen defendants with respect to his medical and basic dietary needs. The allegations pertain to his time at the Westville Control Unit from October 15, 2021, to February 4, 2022. The sixteen defendants consist of correctional staff employed by the Indiana Department of Correction, medical staff employed by Centurion Health, and food service staff employed by Aramark. For ease

of reference, the court will refer to these groups of defendants as the Correctional Defendants, the Medical Defendants, and the Aramark Defendants. A central component of his allegations is that he suffers from diabetes, which requires careful management of his blood sugar levels through blood sugar checks, insulin shots, and food intake at regular intervals. According to Scruggs, failure to properly manage his condition can result in muscle soreness, leg pain, internal pain, dizziness, swelling, nausea, vomiting, and fainting spells. He also suffers from high blood pressure and an irregular heartbeat.

For deliberate indifference claims under the Eighth Amendment, "the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind." *Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015). "An adverse condition amounts to a constitutional deprivation when it results in the denial of a basic human need, such as adequate food, clothing, shelter, and medical care." *Id.*

Scruggs alleges that the Medical Defendants routinely used an inaccurate device to check his blood sugar. According to Scruggs, inaccurate blood sugar measurements cause him to administer inappropriate amounts of insulin, which can result in the symptoms listed above. He has asked each of the Medical Defendants to administer the blood sugar checks multiple times during a single encounter, and the measurements fluctuated wildly and, in one instance, from 80 to 193. Consequently, Scruggs states a plausible claim that the Medical Defendants acted with deliberate indifference to his diabetic condition by failing to use accurate devices to check his blood sugar.

Further, Scruggs alleges that the Correctional Defendants failed to conduct wellness checks on him every thirty minutes as required by departmental policy. Due to his diabetic condition, he has fainted four times, and these fainting spells have lasted from one and half hours to three hours. When he wakes up from these fainting spells, the Correctional Defendants have not noticed the fainting spells or arranged for appropriate medical care. He has complained to the supervising Correctional Defendants about the lack of wellness checks and his medical conditions, but they still did not properly conduct wellness checks or require the subordinate Correctional Defendants to do so. When he complained to a non-defendant officer, the Correctional Defendants properly conducted wellness checks for just three days. Based on these allegations, Scruggs may proceed on a claim that the Correctional Defendants acted with deliberate indifference to his diabetic condition by failing to properly conduct wellness checks on him.

Next, Scruggs alleges that the Medical Defendants, the Correctional Defendants, and the Aramark Defendants have failed to provide him food at appropriate intervals and in coordination with his insulin shots. He maintains that his diabetic condition requires these accommodations. He further alleges that, on most days, he is served breakfast sixteen to nineteen hours after his last meal of the prior days. Scruggs may proceed on a claim that these defendants acted with deliberate indifference to his diabetic condition by failing to provide him with food at appropriate intervals and in coordination with his insulin shots. It further appears that Scruggs intends to assert a separate claim against these defendants for failing to provide him with food at

appropriate intervals not in relation to his diabetic condition but in relation to his basic dietary needs as a human being. He may also proceed on this claim at this stage of the proceedings.

Additionally, Scruggs seeks an injunction requiring prison staff to provide him with food and insulin at the same time or within thirty minutes of each other. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Scruggs may proceed on this claim, but injunctive relief, if granted will be limited to requiring correctional officials to provide meals at appropriate times to the extent required by the Eighth Amendment. The Warden of the Westville Correctional Facility has both the authority and the responsibility to ensure that Scruggs receives meals at appropriate times to the extent required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the Warden will be added as a defendant for purpose of Scruggs' injunctive relief claim.

For these reasons, the court:

(1) GRANTS Christopher L. Scruggs leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Ms. Moody, Ms. English, Nurse Livers, Nurse Eakens, Nurse Emeregbo, Nurse Allen, in their individual capacities for acting with deliberate indifference to his diabetic condition by using inaccurate devices to check his blood sugar from October 15, 2021, to February 4, 2022;

(2) GRANTS Christopher L. Scruggs leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Sergeant Brandon Williams, Officer Rupert, Officer Motshagen, Officer Kranick, Officer Chapman, Lieutenant Crittenton, Lieutenant Reeds, Sergeant McGoraw, Sergeant Vasquez, and Sergeant Rojo in their individual capacities for compensatory and punitive damages for acting with deliberate indifference to his diabetic condition by failing to properly conduct wellness checks on him from October 15, 2021, to February 4, 2022;

(3) GRANTS Christopher L. Scruggs leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Ms. Moody, Ms. English, Nurse Livers, Nurse Eakens, Nurse Emeregbo, Nurse Allen, Sergeant Brandon Williams, Officer Rupert, Officer Motshagen, Officer Kranick, Officer Chapman, Lieutenant Crittenton, Lieutenant Reeds, Sergeant McGoraw, Sergeant Vasquez, and Sergeant Rojo in their individual capacities for acting with deliberate indifference to his diabetic condition by failing to provide him with food at appropriate intervals and in coordination with his insulin shots from October 15, 2021, to February 4, 2022;

(4) GRANTS Christopher L. Scruggs leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Ms. Moody, Ms. English, Nurse Livers, Nurse Eakens, Nurse Emeregbo, Nurse Allen, Sergeant Brandon Williams, Officer Rupert, Officer Motshagen, Officer Kranick, Officer Chapman, Lieutenant Crittenton, Lieutenant Reeds, Sergeant McGoraw, Sergeant Vasquez, and Sergeant Rojo in their individual capacities for acting with deliberate indifference to his basic dietary

needs by failing to provide him with food at appropriate intervals from October 15, 2021, to February 4, 2022;

(5) DIRECTS the clerk to add the Warden of the Westville Correctional Facility as a defendant;

(6) GRANTS Christopher L. Scruggs leave to proceed against the Warden of the Westville Correctional Facility in his official capacity to receive meals at appropriate times to the extent required by the Eighth Amendment;

(7) DIRECTS Christopher L. Scruggs to make arrangements to serve Ms. Moody, Ms. English, Nurse Livers, Nurse Eakens, Nurse Emeregbo, Nurse Allen, Sergeant Brandon Williams, Officer Rupert, Officer Motshagen, Officer Kranick, Officer Chapman, Lieutenant Crittenton, Lieutenant Reeds, Sergeant McGoraw, Sergeant Vasquez, Sergeant Rojo, and the Warden of the Westville Correctional Facility; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Ms. Moody, Ms. English, Nurse Livers, Nurse Eakens, Nurse Emeregbo, Nurse Allen, Sergeant Brandon Williams, Officer Rupert, Officer Motshagen, Officer Kranick, Officer Chapman, Lieutenant Crittenton, Lieutenant Reeds, Sergeant McGoraw, Sergeant Vasquez, Sergeant Rojo, and the Warden of the Westville Correctional Facility to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 11, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT