UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER L. SCRUGGS,<br><br>Plaintiff,<br><br>v.<br><br>MOODY, et al.,<br><br>Defendants. | CAUSE NO. 3:22-CV-834-JD-SJF |

OPINION AND ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed a motion to compel. ECF 267. Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Rule 26 vests this Court with broad discretion in determining the scope of discovery, which the Court exercises mindful that the standard for discovery under Rule 26(b)(1) is widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). The court has "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

The claims in this case pertain to food service and medical treatment in connection with Scruggs' diabetic condition at the Westville Correctional Facility from October 15, 2021, to February 4, 2022. ECF 8. On May 20, 2025, Scruggs served a request

for production on the medical defendants seeking "diabetic flow sheets" that pertained to him from October 15, 2021, to February 4, 2022, and he also attached a diabetic flow sheet as an example. ECF 175-1. On February 25, 2026, Scruggs filed the pending motion to compel based on the medical defendant's lack of a response to this discovery request, noting that he specifically sought diabetic flow sheets rather than "Glucose Monitor Sheets" due to the differences in the information provided on the two types of medical documentation sheets. ECF 267. On June 10, 2026, the medical defendants responded by producing glucose monitor sheets. ECF 298.

Scruggs' request for these particular diabetic flow sheets appears to be reasonable, and the medical defendants offer no objection as to why they should not be required to produce them or any explanation as to why they cannot produce them. Consequently, the motion to compel is granted with respect to the request for production served on the medical defendants on May 20, 2025. **Specifically, the medical defendants must provide the "diabetic flow sheets" that pertained to Scruggs from October 15, 2021, to February 4, 2022, or provide a detailed explanation as to why they cannot do so after a reasonable investigation.**

Scruggs also filed numerous motions in connection with this motion to compel, seeking a more immediate ruling and providing additional information. ECF 276, ECF 282, ECF 294, ECF 310. Because the motion to compel has now been resolved, the court denies these motions as moot. Further, though Scruggs cites Rule 102.1 of the Federal Rules of Evidence for the proposition that he is entitled to ruling from a district judge on his motion to compel, the Federal Rules of Evidence contain no such rule. Nor is it

clear why the Federal Rules of Evidence would have any bearing on whether a litigant is entitled to a ruling on a discovery motion from a district judge given that they are typically applied to determine whether evidence is admissible.

Next, Nurse Emeregbo filed a motion seeking to strike Scruggs' response to his motion for summary judgment because he filed it five days late on June 10, 2026. ECF 312. In support of this argument, he observes that, while Scruggs has certified that he filed the response on June 1, 2026, the prison law library stamped it as filed on June 10, 2026. ECF 300. The court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). However, motions to strike are disfavored and will generally be denied unless the portion of the pleading at issue is clearly prejudicial and of no possible relevance to the controversy at issue. *Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989); *Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992). Prejudice results, for instance, where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party. *Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997).

Drawing from substantial experience with *pro se* prisoner cases, the court finds nothing inherently suspicious about the discrepancy between the certificate of service and the date stamped by the prison law library. *See also Houston v. Lack*, 487 U.S. 266, 271 (1988) ("[T]he pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who

may have every incentive to delay. No matter how far in advance the pro se prisoner delivers his notice to the prison authorities, he can never be sure that it will ultimately get stamped filed on time."). Moreover, even if Scruggs filed his response five days late, the court would decline to strike the response on his claims against Nurse Emeregbo solely on this basis.[1] The lateness of the filing does not appear to have caused material prejudice, and it appears to be directly responsive to the motion for summary judgment. Consequently, the motion to strike is denied.

The parties have also filed several scheduling motions. ECF 283, ECF 285, ECF 292, ECF 293, ECF 299, ECF 323, ECF 329. To the extent that these motions seek extensions to file documents that have since been filed, the court grants these motions by accepting the filings as timely. The court will also grant Scruggs' motion to stay and motion to extend the deadline to file responses to the Aramark defendants' and the medical defendants' motion for summary judgment by resetting those summary judgment briefing deadlines but only after the discovery matter addressed in this order is resolved.[2]

Next, the court observes that the deadline to file a response to the State defendant's motion for summary judgment appears to have expired without Scruggs' filing any related response brief or a motion to extend. However, on July 14, 2026, Scruggs filed a notice directed at the State defendants' suggesting that he did not

---

[1] The court would be far more concerned if it appeared that Scruggs had made an intentional attempt to defraud the court. But no such implications are present here.

[2] At this time, the court will also reset the deadline for Nurse Emeregbo to file a reply brief.

receive the motion for summary judgment in its entirety. ECF 325. If this issue remains unresolved, Scruggs should promptly file an appropriate motion. The court also clarifies that it will reset Scruggs' deadline to file a response to the State defendants' motion for summary judgment when it resets the other deadlines.

Finally, Scruggs filed a motion for copies of the motion for summary judgment filings submitted by the Aramark defendants. ECF 302. However, it appears that he has since received these copies (ECF 322), so the motion is denied as moot.

For these reasons, the court:

(1) GRANTS the motion to compel (ECF 267);

(2) ORDERS the medical defendants to produce the discovery described in this Order by October 8, 2026;

(3) DENIES as MOOT the motions relating to the motion to compel (ECF 276, ECF 282, ECF 294, ECF 310);

(4) DENIES the motion to strike (ECF 312);

(5) GRANTS the motion to extend (ECF 283, ECF 285, ECF 286, ECF 292, ECF 293, ECF 299, ECF 323, ECF 329); and

(5) DENIES as MOOT the motion for copies (ECF 302).

SO ORDERED on September 14, 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge